# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-281V
Filed: October 20, 2015
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SARAH MEYERS, | * | |
| | * | |
| Petitioner, | * | |
| | * | Attorneys' fees and costs decision based on |
| | * | stipulation of fact |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Verne E. Paradie, Jr., Lewiston, ME, for petitioner.
Darryl R. Wishard, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 20, 2015, the parties filed a stipulation of fact in which they agreed on an appropriate amount for attorneys' fees and costs in this case.

In accordance with the General Order #9 requirement, petitioner asserts that she did not incur any costs in pursuit of her petition. Petitioner submitted a draft application for attorneys' fees and costs to respondent. During informal discussions, respondent raised objections to certain

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

items in petitioner's application.   Based on these objections, petitioner amends her application for attorneys' fees and costs to $22,000.00.   Respondent does not object to this amount.   The undersigned finds this amount to be reasonable.   Accordingly, the court awards **$22,000.00**, representing reimbursement for attorneys' fees and costs.   The award shall be in the form of a check payable jointly to petitioner and Paradie, Sherman, Walker & Worden in the amount of **$22,000.00**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: <u>October 20, 2015</u>                                     s/ Laura D. Millman
                                                                              Laura D. Millman
                                                                               Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

_____

)
SARAH MEYERS, )
)
Petitioner, ) No. 14-281V   ECF
)
v. ) Special Master Millman
)
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
)
Respondent. )
_____ )

## STIPULATION OF FACTS REGARDING ATTORNEYS' FEES AND COSTS

1. On October 18, 2015, petitioner provided respondent with a draft Application for Attorneys' Fees and Costs ("Fee App") and accompanying invoices, requesting a total of $26,129.70 for all attorneys' fees and costs.

2. In informal discussions, respondent raised objections to certain items in petitioner's Fee App. Based on these objections, petitioner reduces the amount requested, and asks that a decision be entered awarding a lump sum of $22,000.00 for all attorneys' fees and costs. Respondent does not object.

3. In compliance with General Order #9, petitioner's counsel represents that petitioner has incurred no out-of-pocket expenses in the proceedings on the petition.

4. Nothing in this Stipulation, including the amount set forth in paragraph 2, should be construed as an admission, concession, or waiver by either party as to any of the matters raised by petitioner's Fee App, including but not limited to the hourly rates requested, number of hours expended, and other litigation-related costs. Respondent states, without waiving any objections, that the total amount of compensation set forth in paragraph 2 is not an unreasonable amount to

1

have been incurred for proceedings in this case.

Respectfully submitted,

*/s/Verne E. Paradie, Jr.*
VERNE E. PARADIE, JR.
Paradie, Sherman, Walker & Worden
11 Lisbon Street, Suite 202
Lewiston, ME 04240
(207) 344-9362
Attorney for Petitioner

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Senior Trial Attorney
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
(202) 616-4357
Attorney for Respondent

Dated: October 20, 2015